

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID LLOYD LEBLANC,<br>PETITIONER, | §<br>§<br>§ |
| v. | § CIVIL ACTION NO. 4:07-CV-196-A<br>§ |
| NATHANIEL QUARTERMAN, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>RESPONDENT. | §<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner David Lloyd LeBlanc, TDCJ-ID #1207411, is confined by the Texas Department of Criminal Justice, Institutional Division, in the Byrd Unit in Huntsville, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.  CASE HISTORY

On November 4, 2003, a jury found LeBlanc guilty in Cause Number 8792 in the 355th District Court of Hood County, Texas, of the offense of felony driving while intoxicated, and the trial court assessed a punishment of twenty years' confinement. (Clerk's R. 29). The judgment was affirmed on direct appeal. *LeBlanc v. State*, 02-03-508-CR (Tex. App.—Fort Worth Aug. 31, 2005, no pet.).

LeBlanc has filed one state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order based on findings of the trial court without a hearing. *Ex parte LeBlanc*, No. WR-65,021-01 (Tex. Crim. App. Nov. 15, 2006). LeBlanc filed his federal petition for writ of habeas corpus on February 12, 2007.[1]

D.  ISSUES

LeBlanc complains of the following:

1. The jury was informed of his previous arrests and convictions in violation of the state and federal rules of evidence and the prohibition against double jeopardy;

2. He was denied the effective assistance of counsel at trial; and

3. The indictment was void because it included improper enhancement paragraphs.

E.  RULE 5 STATEMENT

Respondent does not challenge the petition or any of the issues raised therein as untimely or unexhausted.

---

[1] A federal petition is deemed filed on the date the petitioner executed his petition and presumably deposited it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

## F. LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. *Montoya*, 226 F.3d at 404. In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G.  DISCUSSION

    1.    Prior Convictions

LeBlanc complains that the jury was advised of his prior arrests and convictions in violation of the rules of evidence, a pretrial motion in limine, and double jeopardy prohibitions. He complains that the prosecutor addressed his criminal history during voir dire, then compounded the error by introducing aspects of LeBlanc's criminal history during the guilt-innocence phase of the trial and mentioning LeBlanc's convictions again during closing arguments.

The state habeas court made the following findings of fact relevant to LeBlanc's complaint:

> B.    Applicant and his trial counsel, Hon. Andrew Ottaway, and the District Attorney, Hon. Robert Christian, executed a written stipulation to two prior convictions for the offense of driving while intoxicated alleged in the indictment for jurisdictional purposes, which stipulation was approved by the Court. . . .The subject stipulation was admitted into evidence at the guilt phase of the trial before the jury.
>
> . . . .
>
> D.    The stipulation of the two jurisdictional prior convictions for driving while intoxicated was admitted into evidence at the guilt phase of the trial. No evidence of the other prior convictions for driving while intoxicated alleged in the indictment or of the two enhancement counts in the indictment was offered or admitted at the guilt phase. While the District Attorney mentioned the two prior convictions during summation at the guilt phase, his argument was only that the jurisdictional elements of the charge had been proven. The court instructed the jury in the charge that they could not consider evidence of the two prior convictions for driving while intoxicated as in any manner "proving or tending to prove that the defendant was intoxicated while driving or operating a motor vehicle: on the date of the primary offense.

(Supp. State Habeas R. 4-5). The state habeas court concluded that defense counsel, the prosecution, and the trial court followed the approved procedure for submission of stipulated evidence related to the jurisdictional requirement of prior convictions for driving while intoxicated. (Supp. State Habeas R. at 5). *See generally Hollen v. State* 117 S.W.3d 798, 802 (Tex.Crim.App. 2003).

4

To the extent LeBlanc is arguing that the admission of the evidence was contrary to state law, his claim is not cognizable on federal habeas review. A federal court does not sit as a super state supreme court in a habeas corpus proceeding to review errors under state law. *Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970). A state court's evidentiary rulings present cognizable habeas corpus claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair. *Brown v. Dretke*, 419 F.3d 365, 377 (5th Cir.), *cert. denied*, 126 S.Ct. 1434 (2006); *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999). The established standard for fundamental fairness requires that habeas relief be granted by a federal court only when the state trial error relates to evidence that is material in the sense of a crucial, critical, highly significant factor. *Mullen v. Blackburn*, 808 F.2d 1143, 1145 (5th Cir. 1987). LeBlanc does not meet this stringent standard.[2]

LeBlanc was charged with the felony offense of driving while intoxicated, which required the prosecution to prove that LeBlanc had two previous convictions for driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (Vernon 2003 & Supp. 2007)(outlining elements and classification of driving-while-intoxicated offense); *Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006); *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). LeBlanc stipulated to having two previous convictions for driving while intoxicated and that stipulation was admitted and read to the jury at the guilt-innocence phase of the trial.[3] *See Hollen*, 117 S.W.3d at

---

[2] LeBlanc asserts independent violations of the Federal Rules of Evidence, which are not relevant to a review of events that transpired in state court proceedings. Moreover, the Supreme Court has approved an analogous stipulation procedure for proof of prior convictions in federal cases involving felons charged with possession of a firearm. *See Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

[3] LeBlanc complains that the prosecutor was allowed to read the indictment to the jury, disclosing that he had five previous convictions for driving while intoxicated. His complaint is not supported by the record. The indictment alleged five prior convictions for driving while intoxicated, but in exchange for LeBlanc's stipulation of

802 (holding that jury may be informed of the stipulation and written stipulation may be offered into evidence before the jury).

LeBlanc's complaints about numerous other references to his extensive criminal history are generally contradicted by the transcript of the trial proceedings; however, there is some support for LeBlanc's complaint about the admission of a videotape made at the police station after his arrest. The videotape[4] apparently shows one of the police officers noting that LeBlanc had eleven arrests, which provoked the officer to comment "You're going to be here a while." (5 Rep. R. 37, 46). But given the other evidence presented regarding the police officers' observations, LeBlanc's demeanor, and his performance on basic roadside sobriety tests, Leblanc cannot show that any error in admission of the videotaped comments about his arrest history rendered his trial fundamentally unfair.

In conclusory fashion, LeBlanc also complains that the use of his prior convictions violates the Double Jeopardy Clause. The Supreme Court has repeatedly upheld enhancement statutes against contentions that the statutes violate constitutional protections or prohibitions dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, and equal protection. *Spencer v. Texas*, 385 U.S. 554, 560, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Although the Double Jeopardy Clause prohibits successive prosecutions and multiple criminal punishments for the same offense, an enhanced sentence imposed on a persistent offender generally is not viewed as either a new jeopardy or additional penalty for the earlier crimes, but as a stiffer penalty for the

---

two prior convictions, the prosecution did not read the other three paragraphs to the jury. (5 Rep. R. 1-2; Supp. State Habeas R. 10). Defense attorney Andrew Ottaway explained that the stipulation was executed for the purpose of minimizing the extraneous offense evidence that would be introduced. (Supp. State Habeas. R. 8).

[4] The videotape is not in the state court records that were forwarded to the court.

latest crime. U.S. CONST. amend. V; *Monge v. California*, 524 U.S. 721, 727-28, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998). *United States v. Watts*, 519 U.S. 148, 154, 117 S.Ct. 633, 136 L.Ed. 554 (1997)(per curiam).

LeBlanc has not shown that the state court's rejection of his complaints about the use or admissibility of his previous criminal convictions was contrary to or an unreasonable application of clearly established federal law or an otherwise unreasonable determination of the facts as presented in the state court proceedings.

2. Ineffective Assistance of Counsel

LeBlanc asserts that trial counsel was constitutionally ineffective in the following respects:

- failing to object to testimony relating to LeBlanc's prior arrests and convictions;
- failing to object to the admission of the jail videotape following his arrest;
- failing to request court enforcement of the motion in limine and motion for notice of the use of extraneous offense evidence;
- withdrawing the motion to suppress;
- failing to object to the reading of the indictment, which included information that LeBlanc had at least five previous convictions for driving while intoxicated or other offenses;
- failing to object to the jury charge;
- failing to object to the reading of the stipulation that LeBlanc had two previous convictions;
- failing to object to the admission of LeBlanc's traffic arrests record;
- failing to object to the admission of the judgments and pen-packets related to LeBlanc's five previous convictions for driving while intoxicated; and
- failing to investigate the prosecution's use of LeBlanc's previous robbery convictions, which would have revealed that the convictions were too remote and occurred on the same day so that both convictions could not be used.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was

7

deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.Ct. at 2064. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. at 2068. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674. In addition, claims of ineffective assistance are mixed questions of law and fact. *Id.* at 698, 104 S.Ct. at 2070. Because the state court rejected LeBlanc's complaints about his trial counsel, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

LeBlanc's complaints related to trial counsel's failure to object to the admission and use of extraneous offense evidence do not warrant relief. LeBlanc complains that the jury charge mentioned two previous convictions for driving while intoxicated, but has not demonstrated how the charge was objectionable given the state's burden of proof in his case. LeBlanc's complaint that trial counsel should have objected to the reading of the indictment are controverted by the prosecutor's affirmation that he only read the pertinent portions of the indictment to the jury, not the additional paragraphs. (Supp. State Habeas R. 10). LeBlanc further complains that counsel withdrew a motion to suppress without his consent, but LeBlanc has not argued or attempted to show that the motion was itself meritorious or that withdrawing it was not strategically advisable. LeBlanc also contends that counsel was deficient in failing to object when the state offered a police-station videotape that included a reference to LeBlanc's extensive arrest record; however, even if that portion of the tape

was objectionable, LeBlanc has not argued or established that there is a reasonable probability of a different outcome at trial had counsel objected and had that portion of the tape been excluded. As for the admission of LeBlanc's record of traffic arrests, pen-packets, and judgments from his previous convictions, this evidence was admitted during the punishment phase of trial before the court, not during the guilt-innocence phase as LeBlanc argues.

LeBlanc also complains that counsel did not investigate the prosecutor's use of two enhancement paragraphs in the indictment and that an investigation would have revealed that the previous convictions are too remote, and being concurrent convictions, should not have been used together to enhance his current offense. (Clerk's R. 8). The indictment included two enhancement paragraphs, one for each of LeBlanc's 1982 convictions for aggravated robbery (in two separate cause numbers, but entered the same date). (5 Rep. R. 66). Texas does not prohibit the use of a remote prior conviction for enhancement purposes. *See Hicks v. State*, 545 S.W.2d 805 (Tex. Crim. App. 1977). LeBlanc also fails to direct the court's attention to any federal constitutional prohibition against the use of convictions of a certain age for enhancement purposes. *Cf. United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007)(finding no constitutional prohibition against use of convictions more than fifteen years old as basis to impose life sentence statutorily required for habitual offender).

Furthermore, LeBlanc's complaint about the concurrent nature of the convictions is based on a Texas habitual offender law that was not applied in his case. A third conviction for driving while intoxicated is classified as a third-degree felony, which has a punishment range of two to ten years in prison; however, the offense becomes a second-degree felony and carries a punishment

9

range of two to twenty years' imprisonment upon proof of one previous felony conviction.[5] TEX. PENAL CODE ANN. §§ 12.33, 12.34, 12.42, 49.09(b) (Vernon 2003 & Supp. 2007). LeBlanc pleaded true to both enhancement paragraphs, but the trial court only had to find one of the enhancement paragraphs to be true to invoke the enhanced sentencing range and assess a punishment of twenty years' imprisonment. Counsel's failure to challenge the enhancement offenses was neither deficient nor prejudicial.

LeBlanc fails to provide clear and convincing evidence to rebut the presumption of correctness regarding the underlying state court findings, nor has he demonstrated that the state courts misapplied or unreasonably applied the law to the facts in rejecting LeBlanc's complaints of ineffective assistance of counsel at trial.[6]

3.  Void Indictment

LeBlanc asserts that the indictment is void because it used two remote robbery convictions to enhance his offense from a third- to a second-degree felony. LeBlanc's complaints about the improper use of his previous convictions has already been addressed and shown to be meritless. Moreover, whether an offense has been properly enhanced is generally a matter of state law. *See*

---

[5] Texas has a habitual offender law for a third-time felony offender: Upon proof that the defendant has previously been convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, the punishment range for the third offense provides for a life sentence, or any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d). In summarizing evidence presented at the punishment phase, the prosecutor noted that but for limitations on the use of previous convictions for enhancement purposes LeBlanc would be facing up to ninety-nine years in prison as a habitual offender. (5 Rep. R. 68-70). LeBlanc relies on the Texas Court of Criminal Appeals' opinion in *Ex parte Pool*, but that opinion is distinguishable because Pool established that he accepted a plea bargain because his attorney relied on the prosecutor's representation that Pool faced a much greater sentencing range as a habitual offender when that was not the case. 738 S.W.2d 285, 286 (Tex. Crim. App. 1987).

[6] In his reply brief, LeBlanc complains that defense counsel was deficient because he used only five minutes for voir dire, but LeBlanc does not explain what additional information counsel needed but failed to elicit from prospective jurors nor does he contend that unfavorable or unacceptable individuals were selected as jurors.

*Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir.1982). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975)(per curiam).

When a state offender challenges the sufficiency of the indictment, federal habeas relief is appropriate only when the indictment is so deficient that the convicting court was without jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-314 (5th Cir. 2003); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction, and federal review is precluded when the state court has necessarily, even if not expressly, held that the indictment is sufficient under state law. *See McKay v. Collins,* 12 F.3d 66, 68-69 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir.1993). Additionally, under Texas law, presentment of an indictment or information to the state court invests the court with jurisdiction, and any substantive flaws in an indictment that otherwise purports to charge an offense will not render the indictment fundamentally defective. TEX. CONST. article V, § 12(b); *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex.Crim.App. 1998). LeBlanc's complaint about the indictment is meritless.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until May 19, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until May 19, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED APRIL 25, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE